UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTO NIEVES,

                Plaintiff,

v.

ALBERT PRACK and JACKIE MACKEY,

                Defendants.

**DECISION AND ORDER**

6:15-cv-06101 EAW

---

## INTRODUCTION

*Pro se* Plaintiff Justo Nieves ("Plaintiff") commenced the instant action on February 25, 2015. (Dkt. 1). The operative pleading is the Amended Complaint filed on April 15, 2015. (Dkt. 5). Plaintiff alleges that he was deprived of his constitutional right to due process during his confinement at the Southport Correctional Facility. (*Id.*). Plaintiff is currently housed at the Attica Correctional Facility. (*Id*).

Currently pending before the Court are (1) Defendants' motion to dismiss the Amended Complaint or, in the alternative, for summary judgment (Dkt. 9) and (2) Plaintiff's motion for appointment of counsel (Dkt. 11). For the reasons set forth below Defendants' motion is denied as to the request for summary judgment and granted as to the request for dismissal. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## BACKGROUND

Plaintiff is an inmate formerly housed at the Southport Correctional Facility ("Southport"). Plaintiff's Amended Complaint (Dkt. 5) is brought pursuant to 42 U.S.C.

- 1 -

§ 1983 and alleges that Plaintiff was deprived of his constitutional right to due process in connection with a disciplinary hearing at Southport.

Plaintiff alleges that on July 12, 2014, non-defendant Corrections Officer Gleason ("C.O. Gleason") stopped a prisoner who was walking toward the recreation area and searched him approximately two cells away from Plaintiff. (Dkt. 5 at ¶ 6). According to Plaintiff, C.O. Gleason then came to Plaintiff's cell, placed him in handcuffs, and took him to the shower. (*Id.*) The next day, Plaintiff alleges that he received two misbehavior reports (the "July 13th Misbehavior Reports") stating that the prisoner walking towards the recreation area had passed a chicken bone to Plaintiff and that C.O. Gleason had found a "leafy substance" in Plaintiff's cell that was determined to be "drug contraband." (*Id.*).

Defendant Jackie Mackey, the Deputy Superintendent of Programs at Southport ("Deputy Superintendent Mackey"), allegedly began a disciplinary hearing related to the July 13th Misbehavior Reports on July 22, 2014. (*Id.* at ¶ 7). Plaintiff claims that at the disciplinary hearing, he objected to the handling and testing of the alleged drug contraband, which Plaintiff maintains violated the procedures established by the New York State Department of Corrections and Community Supervision ("DOCCS"). (*Id.* at ¶¶ 8-9). According to Plaintiff, Deputy Superintendent Mackey was biased against him, failed to follow proper procedure, and ignored his objections. (*Id.* at ¶¶ 9-10). Plaintiff alleges that on August 27, 2014, Deputy Superintendent Mackey found him guilty on both misbehavior reports and sentenced him to three months in the special housing unit ("SHU"), with an additional three months suspended. (*Id.* at ¶ 14). According to

Plaintiff, he appealed Deputy Superintendent Mackey's determination to Defendant Albert Prack, Director of the Special Housing Unit for DOCCS, who affirmed it. (*Id.* at ¶ 15).

Plaintiff filed his original Complaint on February 2, 2015, along with a motion for leave to proceed *in forma pauperis*. (Dkt. 1, 2). By Decision and Order dated March 6, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered him to file an amended complaint no later than April 20, 2015. Plaintiff filed the Amended Complaint on April 15, 2015. (Dkt. 5).

Defendants filed the instant motion on July 20, 2015. (Dkt. 9). Plaintiff filed a response and a motion to appoint counsel on August 21, 2015. (Dkt. 11, 12).

## DISCUSSION

### I. Legal Standard

Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. 9). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). To

withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008) (internal quotation marks omitted).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

With respect to Defendants' request for summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most

favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

## II. Defendants' Motion is Procedurally Deficient

As a threshold matter, the Court addresses the procedural propriety of Defendants' combined motion to dismiss or for summary judgment, which was made in lieu of an answer and before any discovery has occurred in this case. The procedural difficulties associated with such motions, which are routinely made by Defendants' counsel, were recently addressed in *Houston v. Sheahan*, No. 13-CV-6594-FPG, 2016 WL 554849 (W.D.N.Y. Feb. 10, 2016):

> Defendants' Motion was filed at the pleading stage, prior to any discovery. . . . The Memorandum supporting Defendants' Motion includes boilerplate language regarding the legal standard under both [Rule 12(b)(6) and Rule 56], without specifying which arguments should be analyzed under Rule 56 and which should be analyzed under Rule 12(b)(6). The Motion was filed with certain hallmarks of a motion for summary judgment, such as a Rule 56 Statement of Undisputed Facts and the notice

> to pro se litigants required by *Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) and L.R. Civ. P. 56(b). Defendants also cite to material outside the pleadings in the facts section of their Memorandum and in making their arguments. But in the conclusion to the Memorandum, Defendants only request that the motion to dismiss be granted. . . .
>
> The jumbled nature of Defendants' Motion is problematic for several reasons. Other than the fact that they would like the Court to grant judgment in their favor, Defendants have provided little in the way of clarification as to what standards are applicable to Defendants' arguments. It is unclear whether the Defendants want this Court to analyze each of Defendants' arguments under both the Rule 56 and Rule 12 standards, analyze some arguments under the Rule 56 standard and others under the Rule 12 standard, or analyze all of Defendants' arguments under only one standard. The confusion caused by Defendants' Motion is especially problematic in this case, where Plaintiff is proceeding *pro se* and is expected to respond to Defendants' arguments using the correct legal standard.

*Id.* at *2 (citations and quotations omitted). The Court went on to explain that such an application fails as a motion for summary judgment "because it fails to 'identify[ ] each claim or defense – or the part of each claim or defense – on which summary judgment is sought'" and because it is premature. *Id.* (quoting Fed. R. Civ. P. 56(a)). These same considerations apply with equal force in this case, and so to the extent that Defendants' motion seeks summary judgment, it is denied.

As set forth in *Houston*, the Court would also be justified in denying Defendants' request for dismissal pursuant to Rule 12(b)(6) due to the procedural deficiencies. *Id.* However, the Court is cognizant that because Plaintiff is proceeding *in forma pauperis*, it is required to dismiss Plaintiff's claims if "at any time" it determines that Plaintiff has failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In light of its independent obligation to assess the sufficiency of Plaintiff's pleading, the

Court considers Defendants' argument that the Amended Complaint fails, on its face, to state a cause of action.

### III. The Amended Complaint Fails to State a Claim on which Relief may be Granted

Plaintiff's sole claim in this matter is that he was deprived of due process of law in connection with the disciplinary hearing held with respect to the July 13th Misbehavior Reports. "[A] prisoner asserting a § 1983 claim for denial of due process at a disciplinary hearing must first identify a liberty interest protected by the Due Process Clause of which he was deprived, and then show that he was deprived of that interest without due process of law." *Aguirre v. Kendra*, No. 14-CV-6346L, 2015 WL 5011976, at *1 (W.D.N.Y. Aug. 24, 2015). Where a prisoner alleges that he was confined to the SHU as the result of a disciplinary hearing, the Court considers how long the confinement lasted, along with "the conditions of the prisoner's segregated confinement relative to the conditions of the general prison population," in determining whether a liberty interest is implicated. *Vasquez v. Coughlin*, 2 F. Supp. 2d 255, 259 (N.D.N.Y. 1998). "Both the conditions and their duration must be considered, since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999).

There is no "bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights." *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). However, the Second Circuit has held that confinement for fewer than 101 days under "normal" SHU conditions does not amount to an atypical and significant

hardship and thus does not implicate a liberty interest. *Ortiz v. McBride*, 380 F.3d 649, 654-55 (2d Cir. 2004); *see also Tafari v. McCarthy*, 714 F. Supp. 2d 317, 375 (N.D.N.Y. 2010) (SHU confinements of up to 90 days "fall within the 'short range' of disciplinary confinement and thus implicate a liberty interest only if 'the conditions were more severe than the normal SHU conditions.'") (quoting *Palmer*, 364 F.3d at 65).

In this case, Plaintiff alleges that he was confined to the SHU for three months as a result of the disciplinary hearing at issue.[1] A three month confinement in the SHU implicates a liberty interest only if it was under "abnormal or unusual SHU conditions." *Ortiz*, 380 F.3d at 654. Plaintiff claims that he was subjected to an atypical and significant hardship because (1) he "[remained] on level one status past the required 30 days" and was not given the "priviledge [sic] given to all level two prisoners" and (2) his confinement in the SHU prevented him from "being on the list for the required programs" and therefore potentially impaired his eligibility for conditional release. (Dkt. 5 at ¶¶ 12, 17).

With respect to Plaintiff's allegation that he was required to stay on "level one status" as a result of Deputy Superintendent Mackey's actions, the Court explained in its Decision and Order dated March 6, 2015, that Plaintiff had failed to make any allegations that would support the inference that "the level 1 confinement caused his confinement to

---

[1] Plaintiff alleges that he was sentenced to another three months of SHU confinement, but that this portion of his sentence was suspended. (Dkt. 5 at ¶ 14). Plaintiff does not allege that he was required to serve the suspended portion of his sentence, and the Court therefore does not consider it in determining the existence of a liberty interest. *See Read v. Calabrese*, No. 9:11-CV-459 GLS/DEP, 2015 WL 1400542, at *14 (N.D.N.Y. Mar. 26, 2015).

be atypical and significant." (Dkt. 3 at 5). In particular, Plaintiff failed to allege "that he did not get credit for the time he was kept in level 1 or that the conditions of his confinement there were worse than normal SHU confinement." (*Id.*). Plaintiff was ordered to file an amended complaint "in which the necessary allegations regarding this issue are included." (*Id.*). In spite of the Court's instructions, Plaintiff's Amended Complaint fails to include any allegations regarding his alleged confinement on level one status that would support the conclusion that such a confinement constitutes an atypical and significant hardship. This allegation is insufficient to establish the existence of a protected liberty interest.

Plaintiff's allegation that he could not participate in unspecified "programs" while in the SHU and thus was unable to work towards a conditional release also does not establish the existence of a protected liberty interest. It is to be expected that prisoners confined in the SHU will be deprived of "certain privileges that prisoners in the general population enjoy," and the deprivation of such privileges does not create a liberty interest. *Frazier v. Coughlin*, 81 F.3d 313, 317-18 (2d Cir. 1996); *see also Lewis v. Murphy*, No. 9:12-CV-00268 NAM, 2014 WL 3729362, at *8 (N.D.N.Y. July 25, 2014) ("In New York, under 'normal SHU conditions' an inmate is: placed in a solitary confinement cell, kept in his cell for twenty-three hours a day, permitted to exercise in the prison yard for one hour a day, limited to two showers a week, and denied various privileges available to general population prisoners, such as the opportunity to work and obtain out-of-cell schooling.") (quotation and citation omitted). Moreover, "[Plaintiff's] claim that his inability . . . to participate in various educational, vocational, rehabilitative

or self-help programs might have hindered his ability to receive an early parole or release is . . . speculative and fails to allege interference with a protected liberty interest." *Brooks v. Michael A. DiFasi*, No. 93-CV-0197E(H), 1997 WL 436750, at *3 (W.D.N.Y. July 30, 1997); *see also Williams v. Fischer*, No. 08-CV-413 TJM/DRH, 2010 WL 3910129, at *11 (N.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, 2010 WL 3893952 (N.D.N.Y. Sept. 30, 2010) ("[The plaintiff] contends that his time in SHU precluded him from an earlier parole date because it prohibited his participation in a necessary class. It is undisputed that inmates have no constitutionally protected interest in parole, or other conditional release from prison, prior to the expiration of a valid sentence. The Second Circuit has also held that inmates have no constitutionally protected liberty interest in internal classifications or eligibility for rehabilitative programs. Additionally, the Second Circuit has concluded that inmates have no constitutional right to discretionary good time release, or to participation in prison programs which expedite release.") (citations and quotation omitted).

In sum, despite having been given the opportunity to amend his allegations to adequately allege that he suffered an atypical and significant hardship sufficient to implicate a liberty interest, Plaintiff has failed to do so. As a result, his claims must be dismissed.

## IV.   Plaintiff's Motion for Counsel is Denied

Plaintiff has asked the Court for appointed counsel. (Dkt. 11). Pursuant to *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), in determining whether to appoint *pro bono* counsel in a civil case, the court must determine as a threshold issue that the

plaintiff's position seems likely to be of substance. *Id.* at 61-62. Here, Plaintiff's claims are subject to dismissal, as set forth above. Plaintiff's motion for counsel (Dkt. 11) is thus denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion (Dkt. 9) is denied with respect to the request for summary judgment and granted with respect to the request for dismissal under Rule 12(b)(6). Plaintiff's motion for counsel (Dkt. 11) is denied. The Clerk of the Court is directed to dismiss this action.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 24, 2016
       Rochester, New York